GILMAN CONNER & al. vs. WILLIAM LEWIS & al.

The *stat.* 1837, c. 273, " to secure to mechanics and others payment for their labor and materials expended in erecting and repairing houses and other buildings," does not impair rights previously acquired under the *stat.* 1821, c. 159, on the same subject.

One of the contracting parties must be a proprietor of the land on which the building is to be erected to create a lien upon the land under the *stat.* 1821, c. 159 ; and a mere contract for the conveyance of land to one of the parties, on payment of the price by a fixed time, does not bring the case within the statute so that a lien may attach against the owner of the land.

Where a contract to erect buildings, made on one part in the name of three, was signed by but one who did not assume to act for the others, and was thus recorded, parol evidence is inadmissible to show that this contract was also the contract of the other two named, and thereby create a lien upon their land.

Where one contracts for the conveyance of land to him on his paying certain sums at specified times, a resulting trust is not created by his paying a part of the purchase money.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This was a petition filed under the provisions of the *stat.* 1821, *c.* 159, " securing to mechanics and others, payment for their labor and materials expended in erecting and repairing houses and other buildings with their appurtenances," setting forth a contract made by the respondents, *Lewis, Bigelow & Wadleigh*, on one part, and the petitioners on the other part, for the erection of certain mills. The petition was dated *Dec.* 29, 1836, was entered at *Jan. Term*, 1837, continued until *Oct. Term*, 1837, and a motion was then made to dismiss the petition, because the act had been repealed. The motion was denied. The petitioners then read a contract, not under seal, purporting to be made between the petitioners and respondents, but signed by the petitioners and *Lewis* only, dated *March* 8, 1836, and recorded *August* 23, 1836. The respondents objected to the admission of this contract in evidence, but the objection was overruled. The petitioners then offered parol evidence to show that this was the contract of the other two respondents, to which objection was made. The objection was overruled, and the evidence was received. The exceptions then give a list of seven different instruments with their dates, but they were not made a part of the exceptions, and are no part of the case in this Court. In the list one was named as an assignment by *Lewis* of a mortgage to him by *Dexter E. Wadleigh*, another respondent, of two thirds of the premises to *Isaac Hatch*, which was to be made a part of the case, but no copy appears. The respondents were in the exclusive possession of the premises when the contract was made, and until the time of trial. *Hatch* appeared and filed an answer in which he alleged a right under the mortgage prior to the contract, and objected to a sale under this petition. The petitioners objected to the right of *Hatch* to appear, but the objection was overruled. There was evidence offered by the petitioners, which they contended proved, that the land was held under such circumstances, that *Hatch* was not entitled to a priority. The substance of this testimony appears in the opinion of the Court. Immediately preceding the instructions of the Judge, there is found stated, that " the respondents objected to the introduction of any evidence to prove a trust by parol." *Hatch* and *Wise* knew of the erection of the mills, and there was no evidence that they made any objection to such erection.

The Judge instructed the jury, that if they found that the contract was made in writing and recorded, though not signed by all the respondents, and that they all went on, ratified, confirmed and adopted it, and that they accepted the mills and received the benefit of the contract, and were equally interested in it, they cannot now object, that it was not signed by all; that if the respondents, or either of them, were proprietors of the land at the time the contract was made, the petitioner's lien would attach to the land ; that if they did not have the entire interest, then the lien would attach only to the extent of this interest, but if they had no interest in the land, and *Hatch* had shown a good title to it, the petition could not be maintained ; that if they found, that the conveyances to *Hatch* were made in bad faith to defeat this lien, and were fraudulent, his claim could not be interposed to defeat this petition. The respondents then requested the Judge to instruct the jury, that *Hatch's* knowledge of the pendency of this petition could not affect his title; that neither of the respondents having any legal title in the premises at the time the contract was made, or at the time this petition was filed, the petition cannot be sustained; that if they found there was a contract between *Wise* and *Lewis* for the conveyance of the land and that said contract was forfeited, or that the conveyances to and from *Hatch* were not in pursuance of said contract, they would find for the respondents. The Judge did not give these instructions, but left the jury to inquire into the character of the conveyance under which *Hatch* claimed, as appeared from the whole evidence, and to return specially, whether it was in good faith, or colorable and fraudulent. The jury returned a verdict for the petitioners, and answered, that " *Hatch's* title was not made in good faith." The respondents filed exceptions.

The case was argued in writing, by *A. W. Paine,* for the respondents, and by *Washburn,* for the petitioners.

*For the respondents,* it was contended : —

1. That the petition in this case, being founded on the *stat.* 1821, *c.* 159, which was afterwards repealed, by *stat.* 1837, *c.* 273, on the same subject, without any saving clause, the petition cannot be any longer sustained. Therefore the motion to dismiss the petition was improperly overruled. The principle seems to be fully sustained by authorities, that any right which depends for its

existence upon the provisions of any statute, can exist no longer than the statute giving the right. *Thayer* v. *Seavy*, 2 *Fairf.* 284; 4 *Yeates*, 392; *Springfield* v. *Hampden Co.* 6 *Pick.* 501; 5 *Cranch*, 281; 6 *Cranch*, 203; 1 *Wash. Cir. C. Rep.* 84; 1 *Black. Rep.* 451. The act is constitutional. It is not an *ex post facto law.* 3 *Dallas*, 386; 1 *Kent's Com.* 408. Nor is it a law impairing the obligation of contracts. *McCullock* v. *Maryland*, 4 *Wheat.* 316; 2 *Fairf.* 290; 12 *Wheat.* 213; 6 *Pick.* 501; 2 *Peters*, 413.

2. The contract was admissible, as also was the evidence to prove it the contract of all the respondents. It will not be denied as a general principle, that parol evidence is inadmissible to control, vary, or explain a written contract. An exception to this rule is, where there is a dormant partner who shares in the profits of a contract made by the active partner, there the law will construe the signature of the active partner to be that of the firm, and will hold both to the performance of the contract. But this case does not come within that exception. In support of the proposition, and to show how far the principle should extend, he cited 11 *Mass. R.* 27; 2 *Munf.* 330; 3 *Wash. C. C. Rep.* 508; 13 *Wend.* 85.

3. The statute makes it necessary, that the contractors should be owners of the land, *having the whole title.* Here the whole title was indisputably in *Wise*, who is not alleged to be a contractor. *Thaxter* v. *Williams*, 14 *Pick.* 49; 12 *Mass. R.* 325. That the rights of parties must be judged of as they existed at the time of bringing the action, is too plain a principle of law to need the citation of authorities.

4. The instruction was incorrect, that *Hatch's* claim could not be interposed to defeat this petition, if made in bad faith. The fraud, if any, was practised after the action was brought, and had no effect to take the property out of the way of creditors. The transaction was wholly between *Wise* and *Hatch*, and neither of them was creditor or debtor of either petitioners or respondents.

5. The parol evidence introduced was improperly admitted. It went to prove a trust by parol. *Smith* v. *Lane*, 3 *Pick.* 205.

6. The third instruction requested, ought to have been given. The only title which either of the respondents had to the land was a contract to convey on certain conditions, which had been forfeited

by them. They certainly had no interest in the land, and had nothing which could be attached.

7. The first requested instruction should have been given. The title being in fact in *Wise*, *Hatch* was not bound to take notice of any incumbrance from any other person who had not the title.

*For the petitioners*, it was contended : —

1. That the act of 1837, *c.* 273, did not repeal the statute on which this proceeding is founded. The *stat.* of 1837, does not in terms repeal the former statute, but only such parts as are inconsistent with its provisions, and the remedies are merely cumulative, and more beneficial to mechanics than the former statute. Where two statutes may stand together, the former is not repealed. The repugnancy must be manifest or there is no repeal. *Procter* v. *Newhall*, 17 *Mass. R.* 92; *Wales* v. *Stetson*, 2 *Mass. R.* 146; 14 *Mass. R.* 92; 1 *Pick.* 254; 3 *Mass. R.* 221 ; *ib.* 539. The *statute* of 1837, cannot act on liens which had attached at the time of its passage, under the earlier statute, especially if process was then pending to enforce the lien. No principle of law is better established, than the principle that vested rights cannot be impaired or disturbed, however much remedies may be changed or modified. If the statute operates as an absolute, entire and unqualified repeal of the former statute, it is unconstitutional and void. Not only it cannot thus operate, but the act of 1837 was not intended by the legislature, and does not purport to repeal the former act, so far as it respects liens then created. He commented upon the authorities cited for the respondents, and insisted that they did not conflict with this view.

2. The contract was made in the name of all, and was signed by one for all the respondents, and under the finding of the jury is binding on all. It is not necessary that the signing should be such as would satisfy the statute of frauds. But here there was enough to satisfy even that. The one who signed was authorized to sign for all, and his acts too were subsequently ratified. And neither the previous authority or subsequent ratification need be in writing. *Cleaves* v. *Foss*, 4 *Greenl.* 1 ; *Alna* v. *Plummer*, *ib.* 258 ; *Vin. Abr. Tit. Con. and Agree't*, *(H)* 45; 3 *Woodeson's Lec.* 427 ; *Rob. on Frauds*, 113, *and notes ; Shaw* v. *Nudd*, 8 *Pick.* 9; 12

*Johns. R.* 112; 1 *Sch. & Lef.* 22; 2 *T. R.* 188. The evidence was rightly admitted for the purposes for which it was introduced.

3. The respondents were proprietors of the land in such manner, that the lien of the petitioners attached to it. 4 *Kent,* 305; *Barrel* v. *Joy,* 16 *Mass. R.* 221; *Northampton Bank* v. *Whiting,* 12 *Mass. R.* 112; *Jenney* v. *Alden, ib.* 375; 15 *Mass. R.* 218; 16 *Mass. R.* 221; 1 *Johns. R.* 45; 1 *Johns. Ch. R.* 153; 3 *Johns. R.* 216; 11 *Johns. R.* 91; 13 *Johns. R.* 463; 13 *Maine R.* (1 *Shepl.*) 352; 2 *Bl. Com.* 337; 4 *Kent,* 302; 3 *Burr.* 1898; 4 *Mason,* 349; 14 *Pick.* 54; 3 *Mass. R.* 253; 9 *Mass. R.* 34; 11 *Mass. R.* 153; 7 *Greenl.* 96; 4 *Mass. R.* 566; 1 *Coke,* 576, *notes; Perk.* 372; *Cro. Eliz.* 503; *Prest. Est.* 546.

4. The objection that the respondents were not owners, cannot be taken by them, or by *Hatch.* 1 *Fairf.* 383; 6 *Greenl.* 243; 2 *Greenl.* 226; 4 *Kent,* 38; 1 *Caines,* 185; 2 *Johns. R.* 119.

5. There was no error in the instructions given, or in refusing to give those requested. But at all events justice has been done, and the verdict will not be set aside. 13 *Maine R.* 59; 1 *Mass. R.* 237; 7 *Greenl.* 442; *ib.* 141; 4 *T. R.* 468.

6. The facts in the case, cited from 14 *Pick.* 49, are so different from the facts of this, that it is no authority for the respondents. Here there is nothing to give validity to the fraudulent acts of *Wise* and *Hatch,* and like others of the same character, they are void.

The opinion of the Court was drawn up by

WESTON C. J. — It does not appear to us that the rights of the petitioners, under the *stat.* of 1821, if they had any, have been impaired by the *stat.* of 1837. It is true the latter repealed all acts and parts of acts, inconsistent with its provisions; but as it was to operate only upon contracts, thereafter to be made, contracts previously made might, with perfect consistency, be governed by the former statute.

The *stat.* of 1821, was a re-enactment in this State of a statute which existed in *Massachusetts,* at the time of our separation. It has received there a judicial construction, in the case of *Thaxter* v. *Williams & al.* 14 *Pick.* 49. It was there held, that the statute was intended to apply to the owner of the land. The contracting party, for whom the buildings are erected, is so denomi-

nated in the fourth section. In the first section, he is called the proprietor of the land; and the lien is made to attach to the land, or to the right of redeeming it, if it had been previously under mortgage. A right arising from a contract to purchase real estate, was not made a tangible attachable interest, until a later period. In the case cited, the true owner of the land interposed his objection, which was sustained for his protection; but it is very manifest that one of the contracting parties must be a proprietor of the land, to bring the case within the statute.

The contract for erecting or repairing any building, between the mechanic and the proprietor or proprietors of the land, upon which it may be placed, in order to create a lien thereon, is required by the statute to be recorded. This was designed to apprise purchasers of the extent and validity of the lien. The contract under consideration had, in the body of the instrument, the names of *Lewis*, *Bigelow* and *Wadleigh*, as proprietors, but was signed only by *Lewis*, who did not assume to act for them. It could not be deduced from that paper, as recorded, that a lien attached to the estate of *Bigelow* and *Wadleigh;* and if it might be established by any subsequent testimony, the object of the registry would be defeated, and a purchaser might be entrapped. We are of opinion, therefore, that the presiding Judge erred in admitting parol testimony, to show their assent and privity, and in instructing the jury, that this might be equivalent to the execution of the instrument by them.

At the time of the contract, the title was in *James Wise.* It is contended, that he held it in trust for the respondents, and they being in possession, as between them and the petitioners, the respondents must be regarded as the owners of the estate. If it had been purchased with their money at the time, a resulting trust would thereby have been created. *Buck* v. *Pike,* 2 *Fairf.* 9. But such a trust does not arise upon subsequent payments, under a contract to purchase. In that case, the trust, if any exists, is express; and depends upon the terms of the contract. Here neither of the respondents paid at the time any part of the consideration to *Kinsman,* the original owner. That was all secured by the notes of *Wise,* the grantee. At a subsequent period, $3000 were paid to *Wise* by *Lewis,* or others associated with him; and *Lewis*

had a writing from *Wise,* to convey the premises to him, upon certain conditions. It is insisted, that this amounts to a declaration of trust. It may, or may not be so. The contents of that writing, except that it was an undertaking to convey, do not appear. Upon evidence so vague, we are not at liberty to decide affirmatively, that it contained a declaration of trust. There may be reason to suspect, that *Wise* held for the benefit of *Lewis* and his associates, and that there may have been management, to prevent the lien of the petitioners from attaching, or to defeat it, but if the petitioners would predicate rights upon the existence of a trust, it is incumbent upon them to make it out upon competent proof.

It appears however, that in *July,* after the contract, which was made in *March, Lewis* deeded two thirds of the land to *Wadleigh,* taking back from him a mortgage, which he assigned to *Hatch,* so that they held two thirds under *Lewis,* subject to the prior mortgage to *Kinsman.* As *Lewis* was in possession, under a contract with *Wise,* and the contract by him with the petitioners was recorded, on a further trial, it may deserve consideration, whether *Lewis, Wadleigh* or *Hatch* can object to the lien, as to two thirds of the land. No claim is interposed in behalf of *Kinsman,* or his assignees; and it is not intended to make any intimations, affecting the interests of attaching creditors.

*Exceptions sustained.*